## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOSEPH ASTURI,**
**Claimant Below, Petitioner**

**vs.)    No. 19-1068** (BOR Appeal No. 2054372)
                      (Claim No. 2018027148)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Asturi, by Counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, filed a timely response.

The issues on appeal are temporary total disability benefits and medical benefits. The claims administrator denied reopening of the claim for temporary total disability benefits on February 5, 2019. On February 6, 2019, the claims administrator denied Euflexxa injections of the left knee. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its July 1, 2019, Order. The Order was affirmed by the Board of Review on October 28, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Asturi, a coal miner, injured his left knee on June 12, 2018, when he slipped and fell at work. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Asturi sustained a left knee sprain. A left knee x-ray showed a calcification in the patella tendon, possibly due to chronic changes. It also showed a possible fracture of the tibial tuberosity, suprapatellar joint effusion, and no indication of dislocation.

1

Mr. Asturi sought treatment from Ross Tennant, FNP, on June 14, 2018, for an acute left knee sprain. Mr. Tennant recommended an MRI and opined that Mr. Asturi was unable to work until his next appointment. A left knee MRI was performed on June 28, 2018, and showed a medial meniscus tear, evidence of old Osgood-Schlatter's disease with chronic patellar tendonitis, quadriceps tendinopathy, and prepatellar bursitis. On June 29, 2018, the claim was held compensable for left knee sprain, and temporary total disability benefits were granted from June 13, 2018, through July 6, 2018. A July 24, 2018, treatment note from Jeffrey Abbott, M.D., indicates Mr. Asturi reported left knee pain, swelling, popping, clicking, and weakness. Dr. Abbott diagnosed medial meniscus tear and recommended an arthroscopy.

In an August 12, 2018, Medical Review Report, Ronald Fadel, M.D., opined that imaging studies indicate Mr. Asturi sustained a medial meniscus tear as a result of his work injury and that the requested arthroscopy is medically appropriate. However, Dr. Fadel also stated that if chondroplasty was required, it would be related to preexisting chondromalacia/early arthritic changes and should not be covered. Lastly, Dr. Fadel opined that ongoing treatment or temporary total disability benefits beyond those reasonably expected for post-meniscectomy should not be covered in the claim.

Mr. Asturi returned to Dr. Abbott on August 27, 2018. It was noted that he underwent a left knee arthroscopy with partial medial meniscectomy, partial lateral meniscectomy, and chondroplasty for the post-operative diagnoses of medial meniscus tear, lateral meniscus tear, and degenerative joint disease of the medial compartment. Mr. Asturi was to undergo four weeks of therapy for post-left-knee medial meniscectomy and chondroplasty. On October 11, 2018, Mr. Asturi was again seen by Dr. Abbott, and Mr. Asturi continued to report pain with walking and stairs. Mr. Asturi was to continue physical therapy and could return to full duty work on October 29, 2018.

On October 12, 2018, Mr. Tennant noted that Mr. Asturi reported significant pain improvement. The diagnoses were left knee sprain, medial meniscal tear, large joint effusion, old Osgood-Schlatter disease, chronic patellar tendonitis, quadriceps tendinopathy, and prepatellar bursitis. Mr. Tennant opined that Mr. Asturi could return to full duty work on October 28, 2018. Mr. Asturi was discharged from Wheeling Hospital Physical Therapy on October 12, 2018. The claims administrator closed the claim for temporary total disability benefits on October 30, 2018, because Mr. Asturi was released to return to work.

Joseph Grady, M.D., performed an independent medical evaluation on January 11, 2019, in which he diagnosed status post left knee arthroscopic partial medial and lateral meniscectomies with chondroplasty. He found that Mr. Asturi had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 4% permanent partial disability.

Mr. Asturi returned to Mr. Tennant on January 22, 2019, and reported progressive left knee pain since returning to work in October of 2018. He reported difficulty walking over uneven surfaces, pain while kneeling and crawling, and pain when direct pressure was applied to the left knee. Mr. Asturi had not worked since the previous Thursday due to knee pain. Mr. Tennant

2

diagnosed left knee sprain, medial meniscus tear, large joint effusion, old Osgood-Schlatter disease, chronic patellar tendonitis, quadriceps tendinopathy, prepatellar bursitis, and exacerbation of chronic left knee pain. Mr. Asturi was taken off of work and prescribed physical therapy.

Mr. Tennant completed a claim reopening application on January 29, 2019, indicating Mr. Asturi was temporarily and totally disabled from January 22, 2019, through February 22, 2019. Mr. Tennant indicated Mr. Asturi had sustained an aggravation or progression of his compensable injury since reaching maximum medical improvement. He stated that Mr. Asturi was tender on the medial joint line and had complaints of instability.

Mr. Asturi was treated by Dr. Abbott on January 31, 2019, for left knee pain, stiffness, and instability. Physical therapy was not helpful. An x-ray showed mild degenerative joint disease and minimal medial and minimal patellofemoral osteoarthritis. Dr. Abbott noted that arthroscopic imaging showed grade II degenerative joint disease in the medial compartment. On February 1, 2019, Mr. Tennant noted that left knee injections were recommended and found that Mr. Asturi was unable to return to work. On February 15, 2019, Mr. Asturi continued to have left knee pain and instability. The diagnoses remained the same, and Mr. Asturi was unable to return to work. The claims administrator denied reopening of the claim for temporary total disability benefits on February 5, 2019, because it found no progression of the injury. On February 6, 2019, the claims administrator denied Euflexxa injections of the left knee because they were requested to treat osteoarthritis, a noncompensable condition.

In an April 2, 2019, record review, Dr. Grady opined that there was no indication in the record that Mr. Asturi has been diagnosed with a new work-related condition since reaching maximum medical improvement. He found that Mr. Asturi was diagnosed with osteoarthritis by Dr. Abbott, who requested authorization for Euflexxa injections. Dr. Grady opined that any progression of the left knee symptoms is the result of osteoarthritis. Therefore, Euflexxa injections should not be authorized as they are not necessary treatment for a compensable condition.

In its July 1, 2019, Order, the Office of Judges affirmed the claims administrator's decisions denying a reopening of the claim for temporary total disability benefits and denying authorization of left knee Euflexxa injections. In order to obtain a reopening of a claim for temporary total disability benefits, a claimant must show an aggravation or progression of a compensable condition or facts not previously considered. West Virginia Code §§ 23-5-2, 23-5-3. The Office of Judges found that pursuant to West Virginia Code of State Rules § 85-20-43.2(a)(4), the duration of care for a knee sprain and a medial meniscus tear is three weeks, not to exceed six weeks. Dr. Grady determined that Mr. Asturi did not sustain an aggravation or progression of a compensable condition and found that the current complaints are the result of preexisting degenerative joint disease. The Office of Judges found that Dr. Abbott noted degenerative joint disease when he performed surgery on the left knee. An x-ray performed on January 31, 2019, showed osteoarthritis. Lastly, the Office of Judges found that Dr. Fadel opined that any arthritic changes found in the knee would not be related to the compensable injury. The Office of Judges therefore concluded that Mr. Asturi failed to show an aggravation or progression of a compensable injury necessary to reopen the claim for temporary total disability benefits.

The Office of Judges next addressed the request for Euflexxa injections. Pursuant to West Virginia Code § 23-4-3, the claims administrator must provide medically related and reasonably required treatment for all compensable conditions. The Office of Judges determined that Dr. Abbott's records indicate the injections were requested to treat osteoarthritis, a noncompensable condition. Dr. Grady also found that the injections were not necessary treatment for a compensable injury. The Office of Judges therefore affirmed the claims administrator's denial. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 28, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates Mr. Asturi requested temporary total disability benefits and injections to treat osteoarthritis, a noncompensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton